IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WENDY WILLIAMS, AIS # 292583, :

    Plaintiff, :

vs. : CIVIL ACTION 16-0067-WS-N

MR. EZELL, *et al.*, :

    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff Wendy Williams, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when her next action is filed. *Dupree v. Palmer*, 284 F.3d

1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because Williams is seeking leave to proceed *in forma pauperis*, the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if Williams has three or more *in forma pauperis* actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted. From those dockets the Court discovered that Williams has had at least three *in forma pauperis* actions and appeals dismissed for one of the foregoing reasons, namely, *Williams v. Hardesty*, CA 09-0054-KD-C (S.D. Ala. Aug. 21, 2009), *appeal frivolous* (11th Cir. Mar. 17, 2010); *Williams v. City of Mobile*, CA 09-0086-CG-N (S.D. Ala. Dec. 11, 2009); *Williams v. Mobile County Sheriff's Dep't*, CA 09-0130-CB-N (S.D. Ala. July 21, 2009); *Williams v. Henry*, CA 09-0132-KD-N (S.D. Ala. Oct. 15, 2009); and *Williams v. Aerospace*, CA 09-0276-CB-C (S.D. Ala. Aug. 17, 2009), *appeal frivolous* (11th Cir. Feb. 25, 2010). In addition, Williams previously has had actions dismissed pursuant to 28 U.S.C. § 1915(g), namely, *Williams v. Stewart*, CA 14-0109-WS-N (S.D. Ala. Mar. 18, 2016); *Williams v. Olds*, CA 15-2318-VEH-SGC (N.D. Ala. Mar. 16, 2016); and *Williams v. Rembert*, CA 16-0123-EDP-SGC (N.D. Ala. Mar. 16, 2016).

Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Williams must satisfy § 1915(g)'s exception, which requires that at the time of the complaint's filing, she show that she was "under imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir.

2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Plaintiff has not done this.

In reviewing this action, Williams filed a § 1983 complaint and then, filed an amended complaint, which is almost identical to her original complaint. The amended complaint can be distinguished chiefly from the original complaint by the language at the end of the amended complaint where Williams states in a vague and conclusory manner that she is "in danger of [her] life" and "is under imminent danger of serious physical injury by the defendants whenever she is housed at Mobile County Metro Jail [as] the guards are very very, abusive, disrespectful & etc." (Doc. 4 at 8).

Williams, who is incarcerated at Montgomery Work Release, is suing defendants who are work at the Mobile County Metro Jail (Metro Jail) based on her interactions with them while she was there from November, 2013 to June, 2015.  (Docs. 1, 4 at 4-6).  Her claims are based on inadequate medical treatment.  At the time she filed this action, Williams was at Montgomery Work Release, not at the Metro Jail, and is not now at the Metro Jail, according the Alabama Department of Corrections' website.  (*Id.* at 1, 8).  Moreover, Williams does not indicate when she will be at the Metro Jail, nor does she describe with specific facts the nature of the injury that she anticipates sustaining.  Thus, the Court finds that the incidents about which plaintiff complains occurred in the past, and no factual allegations are present demonstrating that Williams was subject to an "imminent danger of serious physical injury" when the complaint was filed in February, 2016.  Doc. 1; *see Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing).

Because Williams cannot avail herself of § 1915(g)'s exception, and on account of her failure to pay the $400 filing fee at the time she filed this action, this action is due to be dismissed without prejudice.  *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  19th  day of May, 2016.

/s/ Katherine P. Nelson
_____
**UNITED STATES MAGISTRATE JUDGE**

5